FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 21 PM 1:23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELITA B. MARTIN                               CIVIL ACTION

VERSUS                                          NO:     00- 0045

COPELAND'S OF NEW ORLEANS, INC.                 SECTION: "A" (4)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to Title 28, United States Code, Sections **636(1)(B)** and **(C)**, and as applicable, **42 U.S.C. § 2000(e)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without conducting an Evidentiary Hearing.

It is **RECOMMENDED** that Shelita B. Martin's Complaint against Copeland's of New Orleans, Inc. should be **DISMISSED WITHOUT PREJUDICE**, because the plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

DATE OF ENTRY
JUL 21 2000

JUL 21 2000
DATE OF MAILING _____

Fee _____
Process _____
X/Dkd _____
CtRmDep _____
Doc.No. _____

I.      **Analysis: Failure to Comply With Rule 4(m)**

On January 11, 2000, Shelita B. Martin ("plaintiff") filed a pro se and *in forma pauper* suit against her former employer, Copeland's of New Orleans, Inc. ("defendant"), alleging that the defendant discriminated against her based upon her AIDS status (doc. # 1).

Rule 4(m) of the Federal Rules of Civil Procedure requires that the plaintiff serve the defendant with the complaint within 120 days of its filing. *See* Fed. R. Civ. Proc. 4(m). However, Copeland's has never been served with notice of the complaint, as required by Rule 4(m).

On June 6, 2000, the undersigned issued a minute entry, requesting that the plaintiff explain why she did not serve the defendant with the complaint within 120 days of its filing (doc. #7). On June 27, 2000, the plaintiff responded to the Court's June 6, 2000, Show Cause Order (doc. #9).

On July 5, 2000, the plaintiff filed a response **(doc #11)** to the Show Cause Order. She explained why she previously requested counsel, which was denied on May 23, 2000, and the circumstances surrounding the incident. However, she did not explain why she failed to serve the defendant with the complaint within the delay set forth by Fed. R. Civ. Proc. 4(m).

II.     **Recommendation**

It is therefore **RECOMMENDED** that Shelita B. Martin's Complaint against Copeland's of New Orleans, Inc. be **DISMISSED WITHOUT PREJUDICE**, for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___ day of July 2000.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE