FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 26 AM 9:37

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**ROBY, M.J.**
**MARCH 22, 2001**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELITA B. MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0045** |
| **COPELAND'S OF NEW ORLEANS** | **SECTION "S" (4)** |

On February 5, 2001, the plaintiff, Shelita Martin, submitted a letter to the Clerk of Court (Rec. Doc. 37) requesting a jury trial in her case which the Court has converted to a **Motion for Jury Trial and For Issuance of a Writ to the Orleans Parish Prison** to require prison officials to transport her to court for the trial of this matter which is currently set for July 16, 2001.

**I.      Factual Summary**

This lawsuit arises out of the discharge of Shelita Martin, a plaintiff diagnosed with AIDS. The original complaint was filed on January 11, 2000, and did not contain a request for jury. On February 5, 2001, Ms. Martin questioned whether she has the right to a jury trial. However, Ms. Martin has not filed any supplemental or amended pleadings containing a request for jury.

DATE OF ENTRY
MAR 2 6 2001

Fee_____
Process____
X Dktd_____
__CtRmDc___
Doc. No.___

## II. Request for Jury

Pursuant to Fed. R. Civ. P. 38(b), a party may demand a trial by jury on an issue triable by a jury by 1) serving a jury demand upon the other party in writing at any time after the commencement of the action and not later than ten (10) days after the service of the last pleading directed to such issue, and 2) by filing the demand as required by Fed. R. Civ. P. 5(d), which states that each pleading should be filed bearing a certificate of service on opposing counsel. Failure to serve and file the demand constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d).

Copeland's was served on September 7, 2000. (Rec. Doc. No. 23). Martin did not submit her request for jury until February 1, 2001. (Rec. Doc. No. 37). Therefore, Martin's request is not made within the time period allowed nor does it bear a certificate of service indicating that the demand has been served on opposing counsel. Accordingly, the request is denied. *Accord, Jennings v. McCormick*, 154 F.3d 542 (5th Cir. 1998) (a timely filed request for jury must not be overlooked).

Even when a party fails to demand a jury where such a demand can be made of right, the Court in its discretion upon motion may order a trial by jury of any or all issues. Fed. R. Civ. P. 39(b). In this instance, Martin has not presented and the Court can not find a basis to grant her motion under Rule 39(b).

To the extent that Martin seeks a jury, the request although subject to the discretion of the Court is still subject to the requirements of Rule 38(b). Since Ms. Martin has not complied with the Rule 38(b) requirements, the request is denied.

## III. Request for Transportation

Martin is currently incarcerated in Orleans Parish Prison. As a result, she has requested that the Court make arrangements to transport her from jail to Court for trial. Although Martin is proceeding as a pauper in this case, transportation expenses are materially different from the kinds of costs allowed by Title 28 U.S.C. § 1915.[1] *Manning v. Tefft*, 839 F.Supp. 126 (D.R.I. 1994). Federal funds are not available to transport prisoner-plaintiffs in ordinary civil actions from prison to prepare for trial, or to appear at trial or pre-trial proceedings. *Seybold v. Milwaukee County Sheriff*, 276 F.Supp. 484, 487-88 (E.D. Wis. 1967). "Directing public funds be used to pay such expenses would constitute the kind of affirmative assistance to a civil litigant that has been held beyond the scope of § 1915." *Manning*, 839 F.Supp. at 129 (citing *Beard v. Stephens*, 372 F.2d 685 (5th Cir. 1967)).

In cases such as this, the United States Fifth Circuit has followed the suggestions of the United States Fourth Circuit in *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112-13 (4th Cir. 1988). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 461 n.3 (5th Cir. 1998). In *Muhammad*, the Court suggested that a court consider allowing an incarcerated plaintiff to participate in trial by affidavit, deposition, tape recording, videotape, administrative record, or other means of presenting the case. *Muhammad*, 849 F.2d at 113. As a last resort, the Court may consider an administrative stay of the case if the plaintiff is expected to be released within a reasonable amount of time. *Id.*

---

[1] Section 1915 provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

3

This Court has the means by which plaintiff may participate in trial from the Orleans Parish Prison by telephone, videoconferencing, or alternatively the plaintiff may proceed to trial by videotape. Accordingly,

**IT IS ORDERED** that the plaintiff, Shelita Martin's request for a **jury trial** is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff, Shelita Martin's request for a **writ** directing the prison to transport her to trial is **DENIED**.

**IT IS FURTHER ORDERED** that, **on or before April 9, 2001**, the plaintiff, **Shelita Martin, shall** submit in writing her preference as to whether she would prefer to participate by telephone or videoconferencing, if available, or if she chooses to stay her action pending her release. **Martin shall advise** the Court of her **estimated release date** so that the reasonableness of a stay may be evaluated. The **defendant may** submit a response to Martin's suggestions within **ten days** of the filing of her suggestions with the Court, but under **no circumstances later than April 13, 2001**.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE