

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

## **MOTION FOR SUMMARY JUDGMENT**

Defendant, Copeland's of New Orleans, Inc. ("Copeland's"), moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in its favor and against plaintiff, Shelita Martin, dismissing her complaint with prejudice.

For the reasons set forth in the attached Supporting Memorandum and exhibits attached thereto, the undisputed material facts show that as a matter of law, Copeland's is entitled to summary judgment in its favor dismissing all claims in plaintiff's complaint, with prejudice and at her cost.

Respectfully submitted,

LEN R. BRIGNAC, T.A. (18139)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170
504-582-3800

Attorney for Defendant,
Copeland's of New Orleans, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record either by hand delivery, via telecopy or by depositing same in the United States mail, postage prepaid and properly addressed, this ___ day of _____ May _____, 2001.

S \0201\016\PLDGS\MSJ.DOC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

## DEFENDANT COPELAND'S OF NEW ORLEANS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Copeland's of New Orleans, Inc. ("Copeland's"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this court for a summary judgment dismissing all of plaintiff's employment discrimination claims against Copeland's for the reasons set forth herein.

## I. Undisputed Facts

Defendant, Copeland's, owns and operates several restaurants, including a restaurant on Lapalco Boulevard in Harvey, Louisiana. Plaintiff was hired as an

"expeditor"[1] by Copeland's on June 16, 1998, and her employment was terminated on July 1, 1998. (Affidavit of Theresa Hayes, attached hereto as Exhibit A.) (Plaintiff's charge of discrimination filed with the EEOC, attached as Exhibit B, obtained from the EEOC pursuant to a Freedom of Information Act request.)

Effective July 1, 1998, plaintiff was discharged from her employment at Copeland's for the following reason:

> Unable to perform duties, lack of comprehension of recipes and specifications, was told several times by a manager that she was garnishing food wrong and she continued it wrong.

(Plaintiff's termination notice attached as Exhibit 1 to the affidavit of Hayes, Exhibit A.)

During plaintiff's employment and/or several months after plaintiff's employment termination, Copeland's did not have any knowledge or information that plaintiff was suffering from any disability or medical condition. In fact, plaintiff admits that she never disclosed to any Copeland's employee that she suffered from AIDS

On or about November 24, 1998, plaintiff filed her charge of discrimination with the EEOC. In her affidavit in connection with her charge, plaintiff stated as follows:

> I began employment with Copeland's of New Orleans in June 1998. I was hired as a Crewperson/ Expeditor. My job duties consisted of setting up food on trays and putting garnish on items. Theresa (LNU) was the Assistant and Peter (LNU) was her supervisor.

---

[1] Expeditors are responsible for garnishing all dishes, setting up all orders on the food trays, and doing a final quality check on all food items before they leave the kitchen. (Affidavit of Hayes.)

Sometime on or around June 23, 1998, I reported to work as scheduled and Theresa pulled me to the side and said "We discussed the matter and feel the position we hired you for you can't do it. So we must depart now." Theresa just walked away from me. About a week later, an employee (name unknown) handed me my check through the door.

I believe that I was discharged because of my disability, Acquired Immune Deficiency Syndrome (AIDS), in violation of the Americans With Disabilities Act. As background information, I found out that I was HIV positive about four or five years ago. **I was diagnosed with AIDS about a year ago. I did not report my disability to anyone at Copeland's. However, I believe my landlord called Copeland's and told someone.** He was angry because I would not go to a former employer of his to help him get his old job back. **No one at work mentioned my disability nor did my landlord ever tell me that he reported me to my employer.** However, shortly after I was discharged, my landlord sent me a sympathy card saying you have my deepest sympathy but may this be a lesson well learned. I believe he was referring to my losing my job. My landlord and boyfriend were the only persons who knew about me having a job. Also, when Theresa fired me, she could hardly look at me and to have another employee (instead of a Manager) hand me my check through the door as if I was contagious was very humiliating.

In response to plaintiff's charge, Copeland's denied all of plaintiff's allegations. Despite plaintiff's speculation, no one at Copeland's was contacted by plaintiff's landlord or any other person regarding her HIV status. (Affidavit of Hayes, Exhibit A.) Plaintiff received a Notice of Right to Sue on November 2, 1999, and she filed suit in this Court on or about January 11, 2000.

Plaintiff filed a one paragraph complaint against Copeland's alleging that in July 1998 she was terminated from Copeland's, "due to me being disable with

-3-

AIDS." Plaintiff also alleged that "my medical records was illegally solicits detailed medical information, etc."

During the course of the EEOC's investigation, Copeland's was advised that in connection with its employment application, it utilized a medical history form which improperly solicits medical information. Upon being advised of the EEOC's concern about this medical history form, Copeland's discontinued its use immediately. It is important to note that on plaintiff's employment application, she did not disclose any medical condition to Copeland's. Even though Copeland's had no knowledge of plaintiff's medical condition, plaintiff claims that Copeland's fired her because she had AIDS.

## Law

### I.    Copeland's Cannot be Liability for Employment Discrimination

The Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter the "ADA") prohibits employment discrimination against all individuals with disabilities.    42 U.S.C. § 12101(b).    An analysis of plaintiff's disability discrimination claim is made under the framework set forth by the United States Supreme Court in *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973). *See DeLuca v. Winer Indus., Inc.,* 53 F.3d 793, 797 (7th Cir. 1995) finding that the *McDonnell-Douglas* framework applies to ADA cases.

Under the *McDonnell-Douglas* framework, plaintiff must first establish a *prima facie* case of prohibited discrimination.    411 U.S. at 802, 93 S.Ct. at 817. Once plaintiff has established *prima facie* case of prohibited discrimination, the

burden then shifts to the employer to articulate legitimate, non-discriminatory reasons for the challenged employment decision. If the employer succeeds in presenting such reasons, the burden of proof then shifts back to the plaintiff, who must present evidence discrediting the employer's explanation for the employment decision. 93 S.Ct. at 817. In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed. 2d 207 (1981), the court held that, in producing evidence of non-discriminatory reasons for its challenged employment action, the employer is not obligated to support these reasons with objective evidence sufficient to satisfy the preponderance of evidence standard and that at all times, the plaintiff retains the ultimate burden of persuasion. 450 U.S. at 253.

Plaintiff was discharged for unacceptable job performance. Plaintiff cannot dispute that she was performing her job poorly, and Copeland's routinely discharges employees who are unable to grasp the training and perform the job functions. (Affidavit of Hayes, Exhibit A.)

Copeland's cannot be found to have discriminated against plaintiff when it was not even aware of plaintiff's medical condition. Specifically, plaintiff cannot establish that her discharge was pretexual when she cannot show that her employer had any knowledge of her alleged medical condition.

The courts have consistently held that a defendant employer cannot be found liable for unlawful discrimination due to an employee's disability if the employer had no knowledge of the disability. See Seaman v. CSPH, Inc., 179 F.3d 297, 300 (5th Cir. 1999) (summary judgment in favor of employer); *Hedberg v. Indiana Bell*

*Tel. Co., Inc.*, 47 F.3d 928 at 932-34; *Landefeld v. Marion Gen. Hosp. Inc.*, 994 F.2d 1178, 1181 (6th Cir. 1993) (under the Rehabilitation Act of 1973, an employer cannot discriminate on the basis of a mental disability when the employer had no knowledge of such disability); *Morisky v. Broward County,* 80 F.3d 445, 448 (11th Cir. 1996) (no recovery under ADA when prospective employer had no actual knowledge of applicant's disability); *Miller v. National Cas. Co.,* 61 F.3d 627, 630 (8th Cir. 1995) (plaintiff not entitled to relief under ADA when employer did not know that employee had manic depressive condition); *Tan v. Runyon,* 91 F.3d 133 (4th Cir. 1996) (an employer must know about the existing specific disability before it can be liable for failing to accommodate the disabled person's needs). *See Wright v. Charter Furniture Rental, Inc.*, 39 F.Supp. 2d 795 (N.D.Tx. 1999).

For example, in *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306 (7th Cir. 1998), the employee conceded that the employer had no knowledge of the employee's narcolepsy when it fired him; yet, the employee claimed he was fired because of a disability. The district court dismissed the action on the grounds that it was logically impossible for the employer to have discriminated based on the disability of which the employer had no knowledge. The Seventh Circuit upheld the district court's award and noted that a fee award for the employer could be appropriate in light of the frivolousness of the plaintiff's claim.

Likewise, Copeland's had no knowledge of Shelita Martin's medical condition when she was fired. Plaintiff did not disclose any medical condition to Copeland's when she was hired, and she admitted in her EEOC affidavit that she never told

anyone about her medical condition. Plaintiff admitted that no one at Copeland's "mentioned" her disability, and plaintiff has no evidence that Copeland's was aware of plaintiff's disability. The undisputed facts establish that it is logically impossible for Copeland's to have discriminated based on the disability of which Copeland's had no knowledge. Plaintiff's claim is frivolous and should be dismissed.

## II.  Plaintiff Has No Cause of Action for an Allegedly Improper Medical History Form.

In connection with its investigation of plaintiff's charge, the EEOC notified Copeland's that the medical history form used by Copeland's and the practice of asking applicants whether they have any physical conditions that may limit their ability to perform the job applied for is improper.

The ADA prohibits a potential employer from subjecting applicants to medical examinations and/or inquiries regarding whether the applicant has a disability. 42 U.S.C. §12112(d)(2) provides that:

> Except as provided in paragraph (3), a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability.

Even if an employer makes improper medical inquiries, an individual can only recover damages from the employer if the individual proves a cognizable injury legally and proximately caused by the violation. *Armstrong v. Turner Industries, Inc.,* 141 F.3d 554 (5th Cir. 1998), *reh'g denied* (June 8, 1998); *Buchanan v. City of San Antonio,* 85 F.3d 196 (5th Cir. 1996).

-7-

In *Armstrong*, the plaintiff was an applicant for employment who alleged that the defendant company subjected him to an illegal pre-offer medical examination and inquiry in violation of the ADA when he applied for a position as a pipefitter. The plaintiff did not indicate that he had any prior medical conditions when he filled out the questionnaire. However, when a background check was performed, it was indicated that he had reported a potential asbestos exposure in the past. The employer told the applicant that he would not be hired because his failure to list the asbestos exposure was a falsification of the form. The trial court held that the denial of employment was not based on any perceived disability and therefore was not discrimination and that the applicant did not have standing to sue under §12112(d)(2) because he was not disabled within the meaning of the Act. The plaintiff appealed only the trial court's second holding, that he did not have standing to sue because he was not disabled.

The Fifth Circuit affirmed the Trial Court's ruling in favor of the employer but for different reasons. The court specifically declined to adopt the trial court's reasoning that a non-disabled person could not have a cause of action under §12112(d)(2). *Id.* at 558. Instead, the court based its ruling on the fact that the plaintiff failed to establish that he had suffered a cognizable injury legally and proximately caused by the violation of the Act. The court stated, "[t]his court has been unable to find any indication either in the text of the ADA or in its legislative history that a violation of the prohibition against pre-employment medical examinations and inquiries, in and of itself, was intended to give rise to damages

-8-

liability." *Id.* at 561.  The court concluded that there had to be some cognizable injury legally and proximately caused by the violation.

The court explained that its holding could also be reached by applying the "make whole" theory of Title VII remedies.  Citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 45 S. Ct. 2362 (1975), the court stated that although that was a Title VII case, the principles could be applied to the instant situation. Reasoning that the petitioner had not been injured as the result of having to fill out the health questionnaire, the court stated that there was no need to make him whole.  The court compared the facts to a situation where an employee was hired and then brought a suit based on the premature medical exam, reasoning that such a person would have no cause of action because they would be in the same position that they would have occupied absent the unlawful employment practice. *Id.* at 562, n. 20.

Likewise, in *Buchanan, supra,* an applicant sued the City of San Antonio after he was denied a job with the police department.  He claimed they had subjected him to a physical examination before making an offer of employment in violation of §12112(d) of the ADA.  The Trial Court granted a Motion for Judgment as a Matter of Law finding that the employer had violated the ADA and the jury awarded $300,000.00 in compensatory damages, together with back-pay, attorney's fees and interest.  The Court of Appeal reversed and remanded for further proceedings.  While agreeing that the employer had violated the ADA by having a physical examination prior to an offer of employment, the court held that there was an absence of proof of damage.  The court stated "[o]ur reading of the ADA requires

a causal link between the violation and the damages sought by the plaintiff." *Id.* at 200. Reasoning that the remedies provided under the ADA are the same as those provided by Title VII, the court reasoned that under Title VII, a private suit is allowed by the plaintiff who is aggrieved by the unlawful employment practice. Because there was no finding by the court or the jury that the plaintiff was not given a job offer because of the medical examination, the award of damages was improper.

In this case, plaintiff did not reveal that she had AIDS when she filled out her pre-employment medical form. She was hired on June 16, 1998 and was discharged on July 1, 1998, approximately two weeks later. Plaintiff revealed nothing on the medical form, and her discharge had nothing to do with the medical questionnaire. Plaintiff cannot prove that she sustained any damages directly as a result of having to fill out the questionnaire. Under the Fifth Circuit's reasoning in both *Buchanan* and *Armstrong*, there is no causal connection between her damages, which presumably are due to her termination, and the improper questionnaire. Indeed, she was hired despite anything on the questionnaire, which makes here situation similar to the example used by the court in footnote 20 of the *Armstrong* opinion. Plaintiff does not have a cause of action for damages as the result of the questionnaire, and her claims should be dismissed.

## Conclusion

For the foregoing reasons, all of plaintiff's claims should be dismissed with prejudice.

Respectfully submitted,

LEN R. BRIGNAC, T.A. (18189)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170
504-582-3800

Attorney for Defendant,
Copeland's of New Orleans, Inc.

S:\0201\016\PLDGS\SJMEMO.DOC

-11-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record either by hand delivery, via telecopy or by depositing same in the United States mail, postage prepaid and properly addressed, this ___ day of _____, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

### **AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF Jefferson

BEFORE ME, the undersigned Notary Public in and for the Parish and State aforesaid, personally came and appeared **Theresa Hayes** who, after first being duly sworn, did depose and state that:

1.     She is employed by Copeland's of New Orleans, Inc. ("Copeland's") as a General Manager.



2.  She has been employed by Copeland's for approximately fifteen years
    and is familiar with Copeland's employment policies and the
    employment of Shelita Martin.

3.  Plaintiff, Shelita Martin, was hired as an expeditor by Copeland's on
    June 16, 1998, and her employment was terminated on July 1, 1998.

4.  Expeditors are responsible for garnishing all dishes, setting up all
    orders on the food trays, and doing a final quality check on all food
    items before they leave the kitchen.

5.  Martin's employment was terminated on July 1, 1998 for the following
    reasons:

    Unable to perform duties, lack of comprehension of
    recipes and specifications, was told several times by a
    manager that she was garnishing food wrong and she
    continued it wrong.

6.  A true and correct copy of Martin's termination notice is attached
    hereto as Exhibit 1.

7.  No one at Copeland's was contacted by Martin's landlord or any other
    person regarding Martin's medical conditions, including her HIV
    status.

8.  Copeland's routinely discharges employees who are unable to grasp the
    training and perform the job functions.

9.  Martin's employment termination was not in any way related to
    Martin's medical condition.

-2-

The foregoing is true and correct to be best of my knowledge, information and belief.

_Theresa Hayes_
THERESA HAYES

Sworn to and subscribed
before me, this __8th__ day of
__May__, 2001.

_____
NOTARY PUBLIC

S:\0201\016\PLDGS\AFFIDAVITHAYS.DOC



## PERSONNEL ACTION REQUEST

Employee's Name: __SHELITA MARTIN__          Employee # __40511__
                                            Unit/Department __4 BOH__
Social Security Number: __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__      Telephone # __263-2882__

### I. PERSONNEL ACTION:

☐ New Hire            Effective Date: _____ Pay Rate: _____ Hourly/Salary

☐ Pay Increase        Position: _____

☐ Promotion           Reason: _____

☐ Transfer            _____

☐ Leave of Absence    _____

☐ Return to Work      _____

☐ Vacation _____

☐ Other _____

### II. TERMINATIONS:

Code:

☐ Voluntary Termination      Effective Date: __7-1-98__

☒ Involuntary Termination    Last Day Worked: __6-27-98__

  Eligible for Rehire ☒       Currently Has Insurance Coverage:  Yes ☐
  Ineligible for Rehire ☐                                        No ☒

Reason:

☐ Resigned Position          Reason: _____

☐ Violation of Company Guidelines; Rules

☐ Absenteeism/Tardiness

☐ Failure to Report for Scheduled Shift

☐ Misconduct; Insubordination

☒ Substandard Job Performance

☐ Other _____

Reason/Explanation: __UNABLE TO PERFORM DUTIES, LACK OF COMPREHENSION OF RECIPES AND SPECIFICATIONS, WAS TOLD SEVERAL TIMES BY A MANAGER THAT SHE WAS GARNISHING FOOD WRONG AND SHE CONTINUED TO GARNISH IT WRONG__

Employee's Signature: _____          Date: _____

Department Head/Supervisor: _____     Date: __7-1-98__

Personnel Department: _____          Date: _____

**PD-1-388**     White Copy—To Payroll   Yellow Copy—To Personnel   Pink Copy—Employee File in Unit

EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans District Office**

701 Loyola Avenue, Suite 600
New Orleans, LA 70113-9936
(504) 589-2329
TTY (504) 589-2958
FAX (504) 589-6861

**DEC 0 4 2000**

FNO-LEG
INF-4
"Partial.Paid"

Len Brignac
King, LeBlanc & Bland, L.L.P.
Counsellors at Law
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

Re:     Shelita Martin v. Copeland's of New Orleans
        Freedom of Information Act Request No.: A1-01-FOIA-34-NO
        Charge Number:`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

Dear Mr. Brignac:

        Your Freedom of Information Act ("FOIA") request letter was received by the Legal Unit on October 11, 2000.  By letter dated October 23, 2000, you were advised that, under Title 5, United States Code, Section 5529(a)(6)(iii), the response date to your Freedom of Information Act request would be extended to November 24, 2000.  Your request is now being processed.

        Your request is granted in part and denied in part.  The documents and/or portions of documents which are not released are being withheld based on the FOIA subsections which are described on Attachment B to this letter.  Attachment A to this letter explains the use of the exemption in greater detail.

        You may appeal the denial of your request by writing within thirty days of receipt of this letter to Assistant Legal Counsel, Advice and External Litigation Division, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507.  You must include a copy of the Regional Attorney's determination with your appeal.  Your appeal will be governed by 29 C.F.R. Section 1610.11.

                                        Sincerely,

                                        _Keith T. Hill_

                                        Keith T. Hill
                                        Regional Attorney

Enclosure: Attachment A & B
KTH/EMR/dmv.#39.FOIA.34(11/21/00)
#0001005-02-INF

**EXHIBIT**
**B**

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 270990239 |

_____ and EEOC

*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Shelita B. Martin | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P.O. Box 34372, Bartlett, TN 38184 | | 01/27/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Copeland's Of New Orleans | Cat A (15-100) | (504) 364-1575 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1700 Lapalco Blvd., Harvey, LA 70058 | | 051 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN ☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify)* | EARLIEST 06/23/1998   LATEST 06/23/1998  ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

Sometime on or about June 23, 1998, I was discharged from my Crewperson/Expeditor position. I had only been employed with this restaurant for approximately 1 1/2 weeks.

Theresa (LNU), Assistant Manager, told me that the company felt that I could not do the job I was hired for.

I believe that this company found out about my disability and, as a result, discharged me in violation of the Americans With Disabilities Act.

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| Date *11-24-98*  *Shelita B. Martin*  Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Rev. 06/92)

STATE OF __TENNESSEE__

CASE NAME __Martin vs Copeland's__

CITY/COUNTY OF __Bartlett/Shelby__

CASE NUMBER __270990239__

# AFFIDAVIT

I, __Shelita B. Martin__ being first duly sworn upon my oath affirm and hereby say:
_(Name)_

I have been given assurances by an Agent of the U.S. Equal Employment Opportunity Commission that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with Agency policy.

I am __32__ years of age, my gender is __Female__ and my racial identity is __Black__ .
_(sex)_ _(race)_

I reside at __P.O. Box 34372__ ,
_(Number/Street)_

City of __Bartlett__ , County of __Shelby__ ,

State of __TN__ , Zip Code __38184__ .

My telephone number is _(including area code)_ _____ .

My statement concerns __Copeland's Of New Orleans__ which is
_(Name of Union/Company/Agency)_

located at __1700 Lapalco Blvd.__ ,
_(Number/Street)_

in __Harvey__ __LA__ __70058__ .
_(City)_ _(State)_ _(Zip)_

My job classification is _(if applicable)_ __Crewperson/Expeditor__ .
_(job title)_

My immediate supervisor is _(if applicable)_ __Theresa (Lnu), Assistant Manager__ .
_(Name)_ _(job title)_

I began employment with Copeland's of New Orleans in June 1998. I was hired as a Crewperson/Expeditor. My job duties consisted of settin up food on trays and putting garnish on items. Theresa (LNU) was the Assistant Manager and Peter (LNU) was her supervisor.

Sometime on or around June 23, 1998, I reported to work as scheduled and Theresa pulled me to the side and said "We discussed the matter and feel the position we hired you for you can't do it. So we must depart now." Theresa just walked away from me. About a week later, an employee (name unknown) handed me my check through the door.

I believe that I was discharged because of my disability, Acquired Immune Deficiency Syndrome (AIDS), in violation of the Americans With Disabilities Act. As background information, I found out that I was HIV positive about four or five years ago. I was diagnosed with AIDS about a year ago. I did not report my disability to anyone at Copeland's. However, I believe my landlord called Copeland's and told someone. He was angry because I would not go to a former employer of his to help him get his old job back. No one at work mentioned my disability nor did my landlord ever tell me that he reported me to my employer. However, shortly after I was discharged, my landlord sent me a sympathy card saying you have my deepest sympathy but may this be a lesson well learned. I believe he was referring to my losing my job. My landlord

_SM_ Page 1 of _2_
_(initials)_

STATE OF _____ TENNESSEE _____  CASE NAME  Martin vs Copeland's
CITY/COUNTY OF___ Bartlett/Shelby _____  CASE NUMBER___ 270990239 _____

## AFFIDAVIT (cont.)

and boyfriend were the only persons who knew about me having a job.
Also, when Theresa fired me, she could hardly look at me and to have
another employee (instead of a Manager) hand me my check through the
door as if I was contagious was very humiliating.

I have read and had an opportunity to correct this Affidavit consisting of _2_ handwritten ☐
typed ☑ pages and swear that these facts are true and correct to the best of my knowledge and belief.

_Shelita Martin_

Subscribed and sworn to before me

this _____ day of _____ .

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW<br>ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

## STATEMENT OF MATERIAL FACTS
## <u>AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED</u>

Defendant, Copeland's of New Orleans, Inc. ("Copeland's"), pursuant to Rule 56.1 of the Uniform Local Rules of the United States District Courts for Louisiana, submits the following Statement of Material Facts as to which there can be no dispute in support of Copeland's Motion for Summary Judgment.

1.     Copeland's owns and operates a restaurant on Lapalco Boulevard in Harvey, Louisiana.

2.     Plaintiff, Shelita Martin, was hired as an expeditor by Copeland's on June 16, 1998, and her employment was terminated on July 1, 1998.

3.     Plaintiff was discharged from her employment at Copeland's for the following reason: unable to perform duties, lack of comprehension of recipes and

specifications, was told several times by a manager that she was garnishing food wrong and she continued it wrong.

4.     Prior to plaintiff's EEOC charge, Copeland's did not have any knowledge or information that plaintiff was suffering from any disability or medical condition.

5.     Plaintiff never disclosed to any Copeland's employee that she suffered from AIDS.

6.     In plaintiff's affidavit submitted to the EEOC in connection with her charge of discrimination, plaintiff stated that she did not report her disability to anyone at Copeland's and that no one at work mentioned her disability, nor did her landlord ever tell her that he reported her disability to Copeland's.

7.     No Copeland's employee was contacted by plaintiff's landlord or anyone regarding any information regarding plaintiff's medical condition.

8.     Copeland's had no knowledge of any of plaintiff's medical condition, and her termination from Copeland's was completely unrelated to her medical condition.

9.     Plaintiff did not disclose that she was suffering from AIDS or any other medical condition on Copeland's pre-employment medical questionnaire.

-2-

Respectfully submitted,

_____

LEN R. BRIGNAC, T.A. (18139)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170
504-582-3800

Attorney for Defendant,
Copeland's of New Orleans, Inc.

S:\0201\016\PLDGS\STATEMENT DOC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record either by hand delivery, via telecopy or by depositing same in the United States mail, postage prepaid and properly addressed, this 8 day of _____ May _____, 2001.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

## NOTICE OF HEARING

TO:    Shelita Martin 999071
       3000 Perdido
       New Orleans, LA 70119

PLEASE TAKE NOTICE that counsel for defendant, Copeland's of New Orleans, Inc., will bring on for hearing the attached Motion for Summary Judgment before the Honorable Magistrate Karen Wells Roby, United States Courthouse, 500 Camp Street, New Orleans, Louisiana, on the 23rd day of May, 2001 at 11:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

LEN R. BRIGNAC, T.A. (18139)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170
504-582-3800

Attorney for Defendant,
Copeland's of New Orleans, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record either by hand delivery, via telecopy or by depositing same in the United States mail, postage prepaid and properly addressed, this 8th day of _____ M_____, 2001.

S:\0201\016\PLDGS\MSJHRG.DOC