

IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELITA B. MARTIN** | **CASE NUMBER: 00-CV-045** |
| **VERSUS** | **DIVISION "S"** |
| **COPELAND'S OF NEW ORLEANS, INC.** | **MAGISTRATE "4"** |

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Herewith comes counsel for the Complainant who opposes defendant's Motion for Summary Judgment and in connection files the enclosed memorandum and exhibits.

    **Exhibit "A"** - Deposition of Shelita Martin

    **Exhibit "B"** - Medical Record for Shelita Martin

    **Exhibit "C"** - EEOC Notice of Right to Sue

    **Exhibit "D"** - Rule 56(F) Affidavit

**RESPECTFULLY SUBMITTED:**

/s/ Keith Couture

**KEITH COUTURE, #22759**
**Counsel for Complainant**
9061 W. Judge Perez Drive, Suite 2-A
Post Office Box 2291
Chalmette, LA 70044-2291
(504) 279-8555/(504) 281-0074 Fax

**FRANK LARRE, TA, #8049**
**Counsel for Complainant**
3017 20th St., Suite A
Metairie, LA 70002
(504) 831-0106

1

IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELITA B. MARTIN | CASE NUMBER: 00-CV-045 |
| VERSUS | DIVISION "S" |
| COPELAND'S OF NEW ORLEANS, INC. | MAGISTRATE "4" |

MEMORANDUM IN SUPPORT OF OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

## STATEMENT OF THE CASE

Complainant, Shelita Martin, was hired by defendant, Copeland's of New Orleans, Inc. on or about the 16th day of June 1998, for the position of Crewperson/Expeditor. The job duties consisted setting up food trays and garnishing food items. A couple of days later, Complainant was approached by a manager "Ron", who explained to Complainant that he was sending her home to study Copeland's manual, because she was garnishing food items incorrectly. Complainant, feeling comfortable with this manager, informed him of her medical condition (AIDS) and how the disease affects her short term memory. Approximately seven (7) days after Complainant's initial date of hire, on or about the 23rd day of June 1998, Complainant reported for work as scheduled and was terminated. Upon her arrival, Complainant was approached by the Assistant Manager "Theresa" whose full name was initially unknown to Complaint. Theresa Hayes stated to Complainant "The position we hired you for, you can't

2

do it..." Complainant attempted to ask Theresa Hayes whether she was being terminated, but Ms. Hayes refused to answer and just walked away. Complainant left the premises. She returned to Copeland's approximately a week later, on the regularly scheduled payday to pick up her check. Complainant was refused entry by another manager named "Ron" and was instructed to wait outside. Her check was handed to her through the door and she did not have to sign for her paycheck, which was a usual company procedure of Copeland's. As a result of the actions of the employee's of Copeland's, Complainant felt she had been terminated as a result of her medical condition. Consequently, on November 24, 1998, Complainant, Shelita Martin, filed a complaint of discrimination with the U.S. Equal Employment Opportunity Commission. The EEOC afforded the defendant's the opportunity to rectify and resolve the issues complained of, however, defendant's refused cooperation and as a result, Complainant's only available remedy was to initiate litigation, pursuant to the Notice of Right to Sue issued by the EEOC, dated November 2, 1999. (See Exhibit "C")

## ARGUMENT AND AUTHORITIES

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56.

Summary judgment is proper when the evidence, viewed in the light most favorable to the non-movant, reflects no genuine issues of material fact.

Fed.R.Civ.P. 56 (c). A genuine issue of facts exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **_Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)._**

The burden of establishing the non-existence of a "genuine issue" is on the party moving for Summary Judgment. 10 A. C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, §2727, p. 121 (2d Ed. 1983) (Hereinafter, "Wright") (Citing cases: 6 J. Moore, W. Taggart and J. Wicker, Moore's Federal Practice, par. 56.15(3), (2d Ed. 1985)) (Hereinafter, "Moore", citing cases).

This burden has two distinct components: an initial burden of production which shifts to the non-moving party if satisfied by the moving party; and an ultimate burden of persuasion which always remains on the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, (1986).

The burden of persuasion imposed on the moving party by Rule 56 is a stringent one. 6 "Moore" par. 56.51(3), p. 56-466; 10A "Wright" §2727, p. 124.

Summary judgment should not be granted unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), any doubt as to the existence of genuine issue for trial should be resolved against the moving party, Adickes v. S.H. Cress & Co., 398 U.S. 144, p. 158-159 (1970); Celotex at p. 330, footnote 2.

It is clear that the defendant's Motion for Summary Judgment is based on one fact, knowledge. They claim to have no knowledge of Shelita Martin's condition. However, as shown by her deposition, she told her supervisor that

4

she had AIDS and had memory lapses due to the medications she was taking for her AIDS related condition. (See Exhibit "A" Page 14, Line 2 and Page 106, Lines 8-13)

It is also clear that Shelita Martin suffers from mental, emotional and physical conditions, which inhibits her functioning ability. (See Exhibit "B", HIV Clinic: Initial Patient Encounter) These conditions, as detailed in her depositions, explain why she may not have remembered or revealed all of the facts to the EEOC. These absences should not be used against her in a summary judgment motion. These absences go to the weight of the evidence and must be weighed at trial.

Shelita Martin's deposition shows that there is a genuine material issue of fact, as to knowledge, at issue, which precludes summary judgment.

## CONCLUSION

As shown throughout this memorandum, mover has failed to meet its burden of showing that there are no material facts at issue. Further, Complainants have shown that as to the issues addressed by the mover; Complainants can and will meet its burden of a prima facie case. For these reasons, the defendant's Motion For Summary Judgment should be denied.

Alternatively, Complainants move that this Court stay any decision on defendant's Motion to Summary Judgment to allow for the discovery detailed in Complainants' Rule 56(F) Affidavit.[1] The request for a stay is also supported

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

under Rule 12(b)(6) case law.[2]

**RESPECTFULLY SUBMITTED:**

_____
KEITH COUTURE, #22759
Counsel for Complainant
9061 W. Judge Perez Drive, Suite 2-A
Post Office Box 2291
Chalmette, LA 70044-2291
(504) 279-8555/(504) 281-0074 Fax

FRANK LARRE, TA, #8049
Counsel for Complainant
3017 20th St., Suite A
Metairie, LA 70002
(504) 831-0106

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleadings has been served upon all counsel of record, via __X__ U.S. Mail, __X__ Fax, _____ Hand-Delivery, this _15th_ day of August 2001.

_____
KEITH COUTURE

---

[2] See *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1230 (11th Cir.1990) (refusing to affirm district court's dismissal ruling in the absence of further factual development to support the claims); *Flue-Cured Tobacco Co-op. Stabilization Corp. v. Unites States EPA*, 857 F.Supp. 1137, 1145 (M.D.N.C. 1994) (deferring determination of legal sufficiency of due process claim where adjudication on that issue can be more accurately accomplished after a factual record is developed) *Evello Investments, N.V. v. Printed Media Servs., Inc.* 158 F.R.D. 172, 173 (D. Kan. 1994) (citing Rule 12(d), court elected to defer consideration of Rule 12(b)(6) motion in "highly contentious and complicated case: where dismissal motion hinged on "complicated factual and legal questions").

IN THE DISTRICT COURT OF THE UNITED STATES

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELITA B. MARTIN** | **CASE NUMBER: 00-CV-045** |
| **VERSUS** | **DIVISION "S"** |
| **COPELAND'S OF NEW ORLEANS, INC.** | **MAGISTRATE "4"** |

### FEDERAL RULE OF CIVIL PROCEDURE 56(F) RULE AFFIDAVIT

**NOW APPEARING BEFORE ME,** the undersigned Notary Public, comes

**Keith Couture**

Who after being duly sworn, did depose and declare:

1) That he is counsel for the Complainant in the above captioned proceedings.

2) Complainant has outstanding discovery requests to the defendant pending.

3) Complainant proposes to depose Theresa Hayes and have requested records from Copeland's.

4) This discovery will explain further, the breaches in policy employed by defendant to fabricate the non-discriminatory termination of Shelita Martin.

5) Further this discovery may delineate and reveal further fact witnesses to the wrongful termination of Shelita Martin.

**FURTHER AFFIANT SAYETH NOT**

_____
**KEITH COUTURE**

**THUS DONE AND SIGNED BEFORE ME,** Notary Public on this 15 day of August 2001, in Chalmette, Louisiana.

_____
**NOTARY PUBLIC**

**EXHIBIT "D"**

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**