FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 28 PM 3:27

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELITA B. MARTIN | CASE NUMBER: 00-CV-0045 |
| VERSUS | DIVISION "S" |
| COPELAND'S OF NEW ORLEANS, INC. | MAGISTRATE "4" |

**OBJECTIONS TO REPORT AND RECOMMENDATIONS**
*memo incorporated*

NOW INTO COURT, comes Complainant, Shelita Martin, through undersigned counsel, who files herein her objections to the Magistrate's Report and Recommendation, entered on January 11, 2002.

The Magistrate's Report and Recommendation states in pertinent parts that the dispute between the parties is whether or not Complainant was terminated because of her disability, more specifically being Acquired Immune Deficiency Syndrome ("AIDS"). Complainant originally reported that the information regarding her condition came from her bitter landlord; due to a strange correspondence forwarded to her from the landlord upon her termination from Copeland's. Subsequently, she recalled having a discussion with a manager named Ron. She did not recall that conversation because she has memory problems as a result of her AIDS condition and medication.

Complainant stated that she informed her manager of her medical

1

condition and defendants' deny the allegation claiming that they had no knowledge of her medical condition.

In Complainant's deposition, she stated that one of her managers "Ron" gave her a manual and sent her home to study. It was at this time she told him that she had AIDS and suffered with memory lapses due to the medications she was taking at the time.

In the Rule 56(F) Affidavit attached to the Opposition to Defendant's Motion for Summary Judgment filed with this Court on August 15, 2001, counsel advised of his intentions to depose Theresa Hayes. Ms. Hayes is the Assistant Manager who informed Complainant that she was being terminated. Though many attempts were made on Complainant's behalf, the deposition of Ms. Hayes was not held until January 9, 2002. (See attached Exhibit "A"). The deposition clearly shows that Ron spoke with the Complainant when she was told to leave and then she was fired without coming back to work.

In addition to the aforementioned facts, the defendants' actions clearly indicate their knowledge of Complainant's medical condition. In the deposition of Ms. Hayes (Page 18, Lines 18-24) the usual procedure for termination of employees was to sit down with that employee and explain the reasons for termination, unless it was immediate termination. According to Ms. Hayes deposition, a written entry was made on the manager's log by herself, on the same date Ms. Martin was sent home, to advise the manager about a meeting on the following Monday to discuss Complainant. (Page 23, Lines 16 - 19). The termination of Complainant was not immediate, however when she reported back

in for work, she was just told by Ms. Hayes that she could not do the job she was hired for and that she was to leave. They never sat her down to discuss any reasons for termination. Complainant requested reasons but was ignored and Ms. Hayes hurried away. Copeland's payroll policy required the employees' signature when payment was received. In this case Complainant never signed the document as she was refused entry and her check was handed through the door. The parties panicked and acted without forethought. All of these actions clearly indicate that the defendant had full knowledge of Ms. Martin's medical condition.

The only valid method to determine the truth would be to hear the testimony of the parties and have the facts weighed. The credibility of the Complainant is a fact sensitive matter to be decided by the trier of fact and one not to be decided upon by a Motion for Summary Judgment.

Inconsistent prior statements go to the weight of the evidence, not to admissibility. The Complainant has further circumstantial evidence to support her claim, in additional to her own testimony. First, the actions of the parties in not having her sign for her check. Second, not wanting her on the premises after they learned of her medical condition. Third, the fact that others were counseled and not immediately terminated, for the same pretext that Shelita Martin was terminated for. Fourth, the EEOC finding of discrimination (See attached Exhibit "B")

All of the above create a material issue of fact. Whether Copelands' knew about Shelita Martin's medical condition. The Court cannot allow this summary

3

judgment to be decided when such an issue is ripe for trial.

## CONCLUSION

In conclusion, Complainant requests that this Honorable Court reconsider the Motion for Summary Judgment, taking full cognizes of the above objections. Those objections requiring that the Motion for Summary Judgment be denied.

**RESPECTFULLY SUBMITTED,**

_____
**KEITH COUTURE, #22759**
**Counsel for Complainant**
9061 W. Judge Perez Drive, Suite 2-A
Post Office Box 2291
Chalmette, LA 70044-2291

**FRANK LARRE, TA, #8049**
**Counsel for Complainant**
3017 20th St., Suite A
Metairie, LA 70002
(504) 831-0106

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleadings has been served upon United States District Judge Lemmon, United States Magistrate Judge Roby and all counsel of record, via __✓__ U.S. Mail, _____ Fax, _____ Hand-Delivery, this _25_ day of January 2002.

_____
**KEITH COUTURE**

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELITA B. MARTIN | CASE NUMBER: 00-CV-0045 |
| VERSUS | DIVISION "S" |
| COPELAND'S OF NEW ORLEANS, INC. | MAGISTRATE "4" |

### NOTICE OF HEARING

PLEASE TAKE NOTICE, that Complainant herein, Shelita Martin, through the undersigned counsel, will bring on for hearing it's Objection to Report and Recommendations, before the Honorable Judge Lemmon, United States District Judge, on **Wednesday, February 20, 2002 at 10:00 a.m.**, or as soon thereafter as counsel may be heard.

Respectfully submitted, this 25th day of January 2002.

**RESPECTFULLY SUBMITTED,**

_____
KEITH COUTURE, #22759
Counsel for Complainant
9061 W. Judge Perez Drive, Suite 2-A
Post Office Box 2291
Chalmette, LA 70044-2291

FRANK LARRE, TA, #8049
Counsel for Complainant
3017 20th St., Suite A
Metairie, LA 70002
(504) 831-0106

5

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**