

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHELITA B. MARTIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 00-0045 "S"(4) |
| COPELAND'S OF NEW ORLEANS, INC. | * | JUDGE LEMMON |
| | * | MAGISTRATE ROBY |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

Defendant, Copeland's of New Orleans, Inc. ("Copeland's"), files this response to plaintiff's objections to the Magistrate Judge's January 11, 2002 Report and Recommendation that Copeland's Motion for Summary Judgment should be granted.

For the purposes of this response, Copeland's does not dispute any plaintiff's relevant factual contentions. Plaintiff, however, has not provided any evidence to show that Copeland's had any prior knowledge that plaintiff had AIDS, and Martin has failed to establish a *prima facia* case of discrimination under the ADA.

In her objection to the Magistrate's recommendation, plaintiff refers to the deposition of Copeland's assistant manager Theresa Hayes. Ms. Hayes



hired plaintiff, counseled plaintiff during her employment, decided to fire plaintiff and advised plaintiff of the employment termination. (Hayes depo. p. 7, 25, 27-30 and plaintiff's Statement of the Case" in opposition to Motion for Summary Judgment.) These facts are undisputed.

Plaintiff's counsel offers no testimony, evidence or even an allegation that Ms. Hayes, the person who made the decision to terminate Martin had any knowledge of Martin's medical condition. After the close of discovery, plaintiff (without deposition reference or any other reference to evidence) can only imply that Copeland's was somehow aware of medical condition and that was the reason for her termination. The only deposition references not previously considered by the Magistrate are to Ms. Hayes testimony at page 18, lines 18-24 and page 23, lines 16-19. With this "evidence", plaintiff has established that Copeland's had a policy for terminating employees that was described as "sit down with that employee and tell them the reasons why they were being terminated and terminate them." Plaintiff, however, acknowledged that Ms. Hayes met with plaintiff and told her the reason for the termination. See Plaintiff's Opposition to Motion for Summary Judgment, page 3.

Plaintiff's only other evidence offered in support of the objection is Ms Hayes testimony at page 3, lines 16-19 in which plaintiff established that Theresa Hayes maintained a contemporaneous manager's log, and several days prior to plaintiff's termination, Ms. Hayes wrote that plaintiff could not do the job and that on Monday, she would make a decision on termination.

Plaintiff has completely failed to come up with any relevant substantive evidence or testimony other than plaintiff's newly discovered memory that at some point she told a manager, Ron, that she had AIDS. To overcome the Magistrate Judge's recommendation, plaintiff now argues the recent deposition of Theresa Hayes established is that prior to her termination, plaintiff at one time spoke to a manager named Ron. This is hardly any evidence that confirms plaintiff's story that she advised Copeland's of her medical condition. Plaintiff can only create frivolous arguments that this case should not be dismissed.

In fact, the most notable testimony Theresa Hayes, the person who hired, counseled and terminated plaintiff is the following deposition testimony not cited by plaintiff. Theresa Hayes testified at page 42 lines 1-14:

> Question: And did you ever find out that Shelita Martin had AIDS?
>
> Answer: No I did not. And now maybe there is something that I'd like to say behind this, you know, speaking on a personal level, I am gay, and I have a brother who is gay who has AIDS. And I would not be able to work for a corporation who condoned any of that kind of behavior.
>
> Question: You don't recall any conversation with Ron Green regarding Shelita Martin's explanation for why she was garnishing some things incorrectly or making mistakes?
>
> Answer: No I do not.

It is undisputed that plaintiff's consistent memory is that her manager, Theresa Hayes, hired her and made the decision to fire her. Ms. Hayes conveyed reasons for plaintiff's termination and that plaintiff (nor anyone else)

-3-

told Theresa Hayes that plaintiff was suffering from any disease. Plaintiff cannot and has not shown any evidence that Ms. Martin was terminated for any other reason other than the fact that she could not do the job.

This is a nonjury case. The Magistrate's recommendation that summary judgment be granted should be accepted and all of plaintiff's claims should be dismissed.

Respectfully submitted,

LEN R. BRIGNAC, T.A. (18139)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170
504-582-3800

Attorney for Defendant,
Copeland's of New Orleans, Inc.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served

upon all counsel of record either by hand delivery, via telecopy or by depositing

same in the United States mail, postage prepaid and properly addressed, this

_31_ day of January, 2002.

S:\0201\016\PLDGS\RESPONSE.OBJMAG.DOC