FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 FEB -6 PM 3: 55

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELITA B. MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00cv0045** |
| **COPELAND'S OF NEW ORLEANS, INC.** | **SECTION "S" (4)** |

## ORDER AND REASONS

On January 11, 2002, Magistrate Judge Karen Wells Roby issued a Report and Recommendation, recommending that the court grant the Motion for Summary Judgment filed by defendant Copeland's of New Orleans, Inc. (Document 47). Plaintiff Shelita B. Martin has filed an objection to the Magistrate Judge's conclusion that her claim that Copeland's discriminated against her on the basis of disability be dismissed. Copeland's summary judgment motion is **GRANTED IN PART,** and Martin's claim against Copeland's based on its pre-employment solicitation of detailed medical information is **DISMISSED.** Copeland's motion for summary judgment is **DENIED** in all other respects.

Martin's complaint asserted two claims against Copeland's under the Americans with Disabilities Act ("ADA"): (1) that Copeland's impermissibly asked her to provide detailed medical information prior to hiring her, and (2) that Copeland's fired her because she has been diagnosed with Acquired Immune Deficiency Syndrome ("AIDS").

DATE OF ENTRY
FEB 0 7 2002

The Magistrate Judge recommended that Martin's claim against Copeland's for its solicitation of medical information prior to hiring her be dismissed. In *Armstrong v. Turner Industries, Inc.*, 141 F.3d 554 (5th Cir. 1998), the Fifth Circuit held that "damages liability under section 12112(d)(2)(A) [of the ADA] must be based on something more than a mere violation of that provision. There must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise form a single violation." *Id.* at 562. The record reflects that Martin did not provide any medical information to Copeland's, and cannot demonstrate any cognizable injury from its solicitation of such information. The unopposed motion is granted, and the claim based upon pre-employment solicitation of detailed medical information is dismissed.

Martin alleged that Copeland's fired her because she had AIDS. Defendant's motion for summary judgment on this claim focused solely on whether Copeland's knew that Martin had AIDS. An undated affidavit supporting her November 24, 1998 complaint to the Equal Employment Opportunity Commission ("EEOC") stated that she "did not report [her] disability to anyone at Copeland's," but that she thought her landlord told someone at Copeland's that she had AIDS. At her deposition Martin stated that she confided to a Copeland's manager, Ronald Green, that she had AIDS. Martin explained the discrepancy by pointing out that the EEOC affidavit had been typed by an EEOC employee, and that she specifically remembered telling an EEOC employee, Ms. Davenport, about her conversation with Ron, but the affidavit failed to include that information.[1] The Magistrate Judge found that Martin did not provide enough evidence to defeat

---

[1] Depo. Martin, July 10, 2001, at p. 13; *see also id.* at p. 15 ("When the young lady and I talked at the EEOC, I said that to her [that she told Ron at Copeland's about her condition]. I told her about that. I can't control what she put in the affidavit. But I know we had a conversation about myself, Ron at Copeland's, and my landlord.").

summary judgment:

> Martin, three years after giving her statement to the EEOC, stated in her deposition that she informed her manager, Ron, of her condition. However, Copeland's denies this claim and Martin has provided no evidence to support this claim. Thus, the Court finds that there is no evidence to show that Copeland's knew that Martin had AIDS and Martin has failed to establish a prima facie case of discrimination under the ADA. Accordingly, the Court grants the Motion for Summary Judgment as to this issue.

Addressing a similar situation in *Kennett-Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir. 1980), the Fifth Circuit held that summary judgment is inappropriate if the nonmovant submits an affidavit that varies with an earlier sworn statement:

> In considering a motion for summary judgment, a district court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition. "An opposing party's affidavit should be considered although it differs from or varies his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility." Thus, a genuine issue can exist by virtue of a party's affidavit even if it conflicts with earlier testimony in the party's deposition.

*Id.* at 893 (citations omitted); *see also Dibidale of Louisiana, Inc. v. American Bank & Trust Co.*, 916 F.2d 300, 308 (5th Cir. 1990) (holding that "discrepancies" in sworn averments "present credibility issues properly put to the trier-of-fact. Credibility assessments are not fit grist for the summary judgment mill.") (citation omitted), *opinion amended and reinstated on reh'g*, 941 F.2d 308 (5th Cir. 1991); *cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.").

Copeland's has not presented any countervailing affidavit or other sworn statement from Green, the manager to whom Martin claims to have disclosed her condition and whose whereabouts allegedly are unknown to Copeland's, Peter Michael, the general manager with

3

whom Hayes says she may have discussed the firing, or from Grant Hudson, the kitchen manager who requested that Martin be fired and who is presently an employee of Copeland's in Pensacola, Florida. Additionally, Theresa Hayes, a Copeland's manager, testified that the policy of Copeland's was that terminated employees were required to sign a "sign-off" sheet when they received their final paycheck.[2] Martin's EEOC affidavit, and her deposition testimony, including her assertion that her final paycheck was handed to her through a partially closed door, and that she was not asked to sign for her final check, indicate that her disability may have been the reason this policy was not followed. Under these circumstances, there is a genuine issue of material fact concerning Copeland's knowledge of Martin's condition, and summary judgment is inappropriate.

New Orleans, Louisiana, this 6 day of February, 2002.

Mary Ann Vial Lemmon
United States District Judge

---

[2] Depo. Hayes, January 9, 2002, at p. 35.

4