FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 22 PM 1: 53

LORETTA G. WHYTE
        CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHELITA B. MARTIN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 00-0045 "S"(4)** |
| **COPELAND'S OF NEW ORLEANS, INC.** | * | **JUDGE LEMMON** |
| | * | **MAGISTRATE ROBY** |

## PRE-TRIAL ORDER

A pre-trial conference was held before the Honorable Karen Wells Roby on March 4, 2002 at 1:30 p.m. Trial is set for March 25, 2002, 9:30 a.m.

2.  **APPEARANCE OF COUNSEL:**

A.  On behalf of Complainant::

**KEITH COUTURE (#22759)**
9061 W. Judge Perez Dr., Suite 2-A
P. O. Box 2291
Chalmette, LA 70044-2291
504-279-8555

**FRANK J. LARRE, TA (#8049)**
3017 20th Street, Suite A
Metairie, LA 70002
(504) 831-0106

DATE OF ENTRY
MAR 2 2 2002

B.      On behalf of defendant, Copeland's of New Orleans, Inc.:

**LEN R. BRIGNAC, T.A. (#18139)**
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
504-582-3800

3.    **DESCRIPTION OF THE PARTIES:**

A.    Complainant, Shelita Martin, is a Louisiana resident of the full age of majority, formerly employed by Copeland's of New Orleans, and she has brought an employment discrimination lawsuit against Copeland's of New Orleans.

B.    Defendant, Copeland's of New Orleans, is a Louisiana corporation authorized to do and doing business within the jurisdiction of this Court.

4.    **JURISDICTION:**

Jurisdiction is not contested and is based pursuant to 28 U.S.C. § 1331, under this Court's "federal question" jurisdiction; specifically, plaintiff is asserting claims under the Americans With Disabilities Act, 42 U.S.C. § 2000(e) *et seq.*

5.    **A LIST/ DESCRIPTION OF ANY MOTION PENDING AND CONTEMPLATED:**

A. Complainant - none anticipated.

B. Defendants - Copeland's of New Orleans has no pending motions.

6.    **SUMMARY OF MATERIAL FACTS:**

A. Complainant:

Complainant, Shelita Martin, was hired by defendant, Copeland's of New Orleans, Inc. on or about the 16th day of June 1998, for the position of Crewperson/Expeditor. The job duties consisted setting up food trays and garnishing food items. A couple of days after being hired, Complainant was approached by a manager "Ron", who explained to

Complainant that he was sending her home to study Copeland's manual, because she was garnishing food items incorrectly. Complainant, feeling comfortable with this manager, informed him of her medical condition (AIDS) and how the disease affects her short term memory. Approximately seven (7) days after Complainant's initial date of hire, on or about the 23rd day of June 1998, Complainant reported for work as scheduled and was terminated. Upon her arrival, Complainant was approached by the Assistant Manager "Theresa" whose full name was initially unknown to Complaint. Theresa Hayes stated to Complainant "The position we hired you for, you can't do it..." Complainant attempted to ask Theresa Hayes whether she was being terminated, but Ms. Hayes refused to answer and just walked away. Complainant left the premises. She returned to Copeland's approximately a week later, on the regularly scheduled payday to pick up her check. Complainant was refused entry by another manager named "Ron" and was instructed to wait outside. Her check was handed to her through the door and she did not have to sign for her paycheck, despite the company policy of Copeland's. As a result of the actions of the employee's of Copeland's, Complainant felt she had been terminated as a result of her medical condition. Consequently, on November 24, 1998, Complainant, Shelita Martin, filed a complaint of discrimination with the U.S. Equal Employment Opportunity Commission. The EEOC afforded the defendant's the opportunity to rectify and resolve the issues complained of, however, defendant's refused cooperation and as a result, Complainant's only available remedy was to initiate litigation, pursuant to the Notice of Right to Sue issued by the EEOC, dated November 2, 1999.

Defendant contends that Complainant was terminated as she was unable to perform her duties. A few days after Complainant was hired, she was sent home by a

manger, "Ron", to study Copeland's manual, yet she was never allowed to return to work. Complainant was spoken to by a manager one (1) time regarding her garnishing procedures. This manager sent her home to study the company manual. However, Complainant never garnished a food tray after that consultation because she was never allowed to return to work. Upon reporting for work, after studying the manual, she was immediately terminated.

Defendant claims to have had no knowledge of Complainant's medical condition, but the actions and/or re-actions state otherwise. The actions of the parties in not having her sign for her check, despite company policy. Not allowing Complainant on the premises and instructing her to wait outside, while her check was passed through the door. The fact that other employees were counseled upon being terminated under similar circumstances, but Complainant was refused any reasonable explanation.

B. Defendant:

Defendant, Copeland's, owns and operates several restaurants, including a restaurant on Lapalco Boulevard in Harvey, Louisiana. Plaintiff was hired as an "expeditor" by Copeland's on June 16, 1998, and her employment was terminated on or about July 1, 1998.

Effective July 1, 1998, plaintiff was discharged from her employment at Copeland's for the following reason:

> Unable to perform duties, lack of comprehension of recipes and specifications, was told several times by a manager that she was garnishing food wrong and she continued it wrong.

During plaintiff's employment and/or several months after plaintiff's employment termination, Copeland's did not have any knowledge or information that plaintiff was

suffering from any disability or medical condition. In fact, plaintiff in her affidavit in connection with her EEOC charge admitted that she never disclosed to any Copeland's employee that she suffered from AIDS. Plaintiff now claims that she prior to her termination she told her manager, Ron, that she had AIDS.

Ron Green, a former manager at Copeland's and now a Jefferson Parish deputy, will testify that plaintiff never informed him of plaintiff's medical condition and that plaintiff was fired for her inability to perform her work. Likewise, Teresa Hayes, plaintiff's supervisor will testify that she had no knowledge of plaintiff's medical condition and the plaintiff was fired because plaintiff failed to perform the duties of an expediter.

Defendants will establish through plaintiff's prior employment, medical, criminal and social security records that she has a history of sporadic employment and irresponsibility and psychiatric disorders. Defendants will show that plaintiff's testimony about her Copeland's employment and termination is not credible.

On or about November 24, 1998, plaintiff filed her charge of discrimination with the EEOC. In her affidavit in connection with her charge, plaintiff stated as follows:

> I began employment with Copeland's of New Orleans in June 1998. I was hired as a Crewperson/ Expeditor. My job duties consisted of setting up food on trays and putting garnish on items. Theresa (LNU) was the Assistant and Peter (LNU) was her supervisor.
>
> Sometime on or around June 23, 1998, I reported to work as scheduled and Theresa pulled me to the side and said "We discussed the matter and feel the position we hired you for you can't do it. So we must depart now." Theresa just walked away from me. About a week later, an employee (name unknown) handed me my check through the door.

> I believe that I was discharged because of my disability, Acquired Immune Deficiency Syndrome (AIDS), in violation of the Americans With Disabilities Act. As background information, I found out that I was HIV positive about four or five years ago. **I was diagnosed with AIDS about a year ago. I did not report my disability to anyone at Copeland's. However, I believe my landlord called Copeland's and told someone.** He was angry because I would not go to a former employer of his to help him get his old job back. **No one at work mentioned my disability nor did my landlord ever tell me that he reported me to my employer.** However, shortly after I was discharged, my landlord sent me a sympathy card saying you have my deepest sympathy but may this be a lesson well learned. I believe he was referring to my losing my job. My landlord and boyfriend were the only persons who knew about me having a job. Also, when Theresa fired me, she could hardly look at me and to have another employee (instead of a Manager) hand me my check through the door as if I was contagious was very humiliating.

Plaintiff's allegation that she was handed her check through the door "as if [she] was contagious" is another of plaintiff's fabrications. In response to plaintiff's charge, Copeland's denied all of plaintiff's allegations. Despite plaintiff's speculation, no one at Copeland's was contacted by plaintiff's landlord or any other person regarding her HIV status.

During the course of the EEOC's investigation, Copeland's was advised that in connection with its employment application, it utilized a medical history form that improperly solicits medical information. Upon being advised of the EEOC's concern about this medical history form, Copeland's discontinued its use immediately. It is important to note that on plaintiff's employment application, she did not disclose any medical condition to Copeland's. Even though Copeland's had no knowledge of plaintiff's medical condition, plaintiff claims that Copeland's fired her because she had AIDS.

Plaintiff cannot show any wage loss as a result of her termination from Copeland's. After plaintiff's termination from Copeland's, she immediately obtained employment at Burger King at equivalent wages. Plaintiff was then subsequently convicted and incarcerated at Orleans Parish Prison and later at St. Gabriel Women's Correctional Institute.

7. **A SINGLE LISTING OF UNCONTESTED MATERIAL FACTS:**

   1. Copeland's owns and operates a restaurant on Lapalco Boulevard in Harvey, Louisiana.

   2. Plaintiff, Shelita Martin, was hired as an expeditor by Copeland's on June 16, 1998, and her employment was terminated on July 1, 1998.

   3. Plaintiff did not disclose that she was suffering from AIDS or any other medical condition on Copeland's pre-employment medical questionnaire.

8. **A SINGLE LISTING OF CONTESTED ISSUES OF FACT:**

   1. Whether plaintiff's discharge was lawful.

   2. Whether plaintiff is entitled to any damages as a result of the unlawful discharge.

   3. The amount of damages, if any, to which plaintiff is entitled.

   4. Whether plaintiff has failed to mitigate her damages.

   5. Whether Copeland's basis for terminating plaintiff was a pretextual reason.

   6. Whether prior to plaintiff's EEOC charge, Copeland's had any knowledge or information that plaintiff was suffering from AIDS.

   7. Whether plaintiff disclosed to any Copeland's employee that she suffered from AIDS.

   8. Whether Plaintiff was discharged from her employment at Copeland's for the

following reason: unable to perform duties, lack of comprehension of recipes and specifications, was told several times by a manager that she was garnishing food wrong and she continued it wrong.

9.  In plaintiff's affidavit submitted to the EEOC in connection with her charge of discrimination, plaintiff stated that she did not report her disability to anyone at Copeland's and that no one at work mentioned her disability, nor did her landlord ever tell her that he reported her disability to Copeland's.

10. No Copeland's employee was contacted by plaintiff's landlord or anyone regarding any information regarding plaintiff's medical condition.

11. The EEOC's determination was in the favor of Complainant.

9.  **SINGLE LISTING OF CONTESTED ISSUES OF LAW:**

    A.  Whether plaintiff's termination from Copeland's was unlawful.

    B.  Whether, as a matter of law, Copeland's could have unlawfully discriminated against plaintiff when it had no knowledge of plaintiff's disability.

    C.  Whether plaintiff failed to mitigate her damages.

    D.  Whether defendant is liable to Complainant for the injuries alleged in the Complaint.

    E.  Whether Complainant is entitled to attorney's fees.

    F.  Whether Complainant is entitled to punitive damages, compensatory damages, special damages, loss of earnings, mental and emotional pain and suffering.

10. **EXHIBITS:**

A.  Complainants:

    1.  Any and all statements taken in connection with the investigation of the incidents

alleged in the original complaint. (Defendant objects as to admissibility)

2. Medical Records of any medical provider of Shelita Martin. ✓

3. Medical records of the Orleans Parish Prison for Shelita Martin. ✓

4. Deposition of Shelita Martin.

5. Deposition of Theresa Hayes.

6. EEOC records regarding Shelita Martin. ✓

7. EEOC records regarding Copeland's. ✓

8. Personnel records from Copeland's regarding Shelita Martin. ✓

9. Training manuals from Copeland's relating to Expeditors ✓

10. Personnel manuals for Copeland's employees. *(termination policy)*

11. Any exhibit listed by any other party.

B. Defendants:

1. Plaintiff's entire personnel file in connection with her employment with Copeland's of New Orleans.

2. EEOC's entire file and records in connection with plaintiff's charges of discrimination with Copeland's of New Orleans.

3. Copeland's of New Orleans termination policy.

4. Records from plaintiff's previous and current employers; specifically CuCos, Shoney's.

5. Records from plaintiff's health care providers, including Dr. Hamm's records, Westbank Medical Clinic, Desire Florida Mental Health, Dr. Trent Deselles, Medical Center of Louisiana (Charity). ✓

6. Records relating to plaintiff's arrest, conviction and other criminal records,

including Orleans Parish Sheriff's Office records.

7. Records relating to plaintiff's drug treatment, and counseling.

8. All discovery responses in this matter.

9. All deposition transcripts.

10. All exhibits attached to depositions in this matter.

11. Plaintiff's Social Security records.

12. Plaintiff's tax records. ✓

13. Calendar of May, June, July, 1998. ✓

14. Any exhibit listed by plaintiff in this matter.

15. Any exhibit required for impeachment.

16. Plaintiff's opposition to defendant's Motion for Summary Judgment.

**11.    DEPOSITION TESTIMONY:**

A. Complainant - none anticipated except for impeachment purposes.

B. Defendant: - Copeland's does not anticipate using any deposition testimony in this matter except for impeachment if required.

**12.    CHARTS, GRAPHS, MODELS, ETC.:**

A. Complainant:

B. Defendant:

Copeland's may use "blow-ups" of its exhibits. Copeland's may also use a timeline of plaintiff's employment history, and Copeland's may use a calendar showing the months prior to, during and after plaintiff's employment with Copeland's.

**13.    LIST OF WITNESSES:**

**A. Complainant:**

1. Shelita Martin - Fact.

2. Theresa Hayes - Fact

3. Mark Simpson - Fact

4. Grant Hudson - Fact

5. Ronald Green - Fact

6. Peter Michael - Fact.

7. M.R. - initials of the alleged trainer of Shelita Martin - whose full name is unknown to Complainant at present.

8. A supervisory representative from Copeland's in the training of expeditors.

9. A supervisory representative from Copeland's from personnel

10. A supervisory representative from Copeland's from payroll.

11. Patricia Bivins - District Director - EEOC

12.. Kaiser Siddiqui

13. Any medical providers of Shelita Martin

14. Any witness listed by any other party.

## B. Defendant:

1. Shelita Martin
   2416 Louisa Street
   New Orleans, LA 70117
   Ms. Martin will testify regarding her employment with Copeland's, her prior and current employment, her criminal and medical history.

2. Theresa Hayes
   Copeland's of New Orleans
   1405 Airline Drive
   Metairie, LA 70001
   Ms. Hayes may testify regarding hiring, supervision and termination of plaintiff and Copeland's employment policies.

3. Kaiser Siddiqui
   P. O. Box 924
   Harvey, LA 70059
   Mr. Siddiqui will testify regarding his knowledge of plaintiff's employment and termination from Copeland's, and his knowledge of background and activities.

4. Grant Hudson
   Copeland's of New Orleans
   1405 Airline Drive
   Metairie, LA 70001
   Mr. Hudson will testify regarding plaintiff's work at Copeland's, and the reasons for her termination and Copeland's employment policies.

5. Ronald Green
   3704 Max Drive
   Harvey, LA 70058
   Mr. Green may testify regarding plaintiff's employment at Copeland's, and reasons for her termination and Copeland's employment policies.

6. Dr. Trent Deselles
   Desire Florida Mental Health
   3400 Florida Avenue
   New Orleans, LA 70117

7. Representative of Westbank Medical Clinic to authenticate plaintiff's medical records.

8. A representative of Shoney's Inc. to authenticate plaintiff's employment records as needed.

9. A representative of CuCos to authenticate plaintiff's employment records as needed.

10. A representative of Medical Center of Louisiana (Charity) to authenticate plaintiff's medical records as needed.

11. Dr. B. Hamm
    2021 Perdido Street
    New Orleans, LA 70112

12. Any witness identified or listed by plaintiff.

13. Representatives of plaintiff's prior employers.

14. Representative of plaintiff's current employer.

15. Any witness to authenticate EEOC documents.

16. Impeachment witnesses.

All of the identified witnesses were included in Copeland's Witness List timely filed in accordance with this Court's Scheduling Order.

14. **NON-JURY CASE**

Plaintiff's claims will be tried before the Magistrate Judge without jury.

15. **DAMAGES:**

This issue of liability will not be tried separately from that of quantum.

16. Not applicable

17. Trial shall commence on March 25, 2002 at 9:30 a.m. A realistic estimate of the number of trial days is likely two days, but no more than three days.

18. This Pre-Trial Order has not been formulated after conference at which counsel for the respective parties have conferred. Reasonable opportunity has been afforded counsel for corrections or additions prior to signing. Hereafter, this Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. The possibility of settlement of this case was considered.

**RESPECTFULLY SUBMITTED,**

_____
KEITH COUTURE (#22759)
9061 W. Judge Perez Dr., Suite 2-A
P. O. Box 2291
Chalmette, LA 70044-2291

_____
LEN R. BRIGNAC, T.A.(#18139)
KING, LEBLANC & BLAND, LLP
201 St. Charles, Suite 3800
New Orleans, LA 70170

| | |
|---|---|
| 504-279-8555/(504) 281-0074<br>Counsel for Complainant | (504) 582-3800<br>Counsel for Defendant |

**FRANK J. LARRE, TA (#8049)**
3017 20th Street, Suite A
Metairie, LA 70002
(504) 831-0106
Counsel for Complainant

_____
JUDGE

S:\0201\016\PLDGS\PRETRIALINSERTS.DOC